IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| EDMUND M. ABORDO, #A0080735, | ) ) ) | CIV. NO. 12-00651 JMS/BMK |
| Plaintiff, | ) ) | TRANSFER ORDER |
| vs. | ) ) | |
| SHARI KIMOTO, TED SAKAI, TODD THOMAS, JODY BRADLEY, BEN GRIEGO, | ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

## **TRANSFER ORDER**

Plaintiff Edmund M. Abordo is a Hawaii prisoner incarcerated at the Saguaro Correctional Center ("SCC"), located in Eloy, Arizona.  On December 5, 2012, Defendants removed Abordo's state court action to this court pursuant to 28 U.S.C. § 1441(c).[1]  ECF No. 1.  For the following reasons, the court TRANSFERS this action to the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1404(a).

//

//

---

[1] Abordo names the Hawaii Department of Public Safety's ("DPS") Mainland Branch Administrator Shari Kimoto, DPS's Interim Director Ted Sakai, SCC Warden Todd Thomas, and SCC Assistant Wardens Jody Bradley and Ben Griego as Defendants.

# I.  BACKGROUND

Abordo commenced this action in the First Circuit Court, State of

Hawaii, as a post-conviction petition titled, "HRPP Rule 40(2)(3) Form and

Content; (2) Nonconforming Petition; (3) Separate Cause of Action."  Compl.,

ECF No. 1-1.  On November 13, 2012, because he did not claim illegality of

judgment or custody, the state circuit court deemed his Nonconforming Petition as

a civil action improperly brought under Hawaii Rule of Penal Procedure 40.[2]  On

December 5, 2012, Defendants timely removed it from state court pursuant to 28

U.S.C. § 1446(b).  *See* ECF No. 1.

Abordo alleges that Defendants conspired to deny him access to the

courts by failing to update the SCC library and provide new Hawaii Rules of Court

and caselaw from circuits outside of the Ninth Circuit Court of Appeals.  Abordo

claims that this violated the First Amendment and Article I, section 4 of the Hawaii

State Constitution.  Abordo seeks injunctive relief and damages.

//

//

//

---

[2]  Rule 40(c)(3) states: "If a post-conviction petition alleges neither illegality of judgment nor illegality of postconviction 'custody' or 'restraint' but instead alleges a cause of action based on a civil rights statute or other separate cause of action, the court shall treat the pleading as a civil complaint not governed by this rule."

## II.  DISCUSSION

**A.    Removal Was Proper And Timely**

A defendant may remove any civil action brought in state court over which the federal court would have original jurisdiction.  28 U.S.C. § 1441(a).  That is, a civil action that could have originally been brought in federal court may be removed from state to federal court.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  A federal court has original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Further, a federal court may exercise supplemental jurisdiction over closely related state law claims.  *See* 28 U.S.C. § 1367(c).

Abordo alleges federal constitutional violations, thus, subject matter jurisdiction is proper in federal court.  *See* 28 U.S.C. §§ 1441, 1442.  Defendants timely removed the action from state court within thirty days of receiving notice of the filing of this action.  28 U.S.C. § 1446(b).  Removal was proper.

**B.    *Sua Sponte* Transfer Under 28 U.S.C. § 1404(a)**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The purpose of § 1404(a) is to "prevent the waste of time, energy, and money and to protect

litigants, witnesses and the public against unnecessary inconvenience and

expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citations and

quotation omitted); *Kawamoto v. CB Richard Ellis, Inc.*, 225 F. Supp. 2d 1209,

1213 (D. Haw. 2002).  A decision to transfer lies within the broad discretion of the

district court, and must be determined on an individualized basis.  *See Jones v.

GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).  A court therefore has

power to order transfer under § 1404(a) *sua sponte*.  *Tazoe v. Airbus S.A.S.*, 631

F.3d 1321, 1336 (11th Cir. 2011) (holding that a district court may *sua sponte*

transfer a civil action to any other district where it might have been brought if

doing so will be convenient for the parties and witnesses and serve the interest of

justice); *see also Panchias v. Bullock*, 2012 WL 5425393, at *3 (E.D. Cal. Nov. 5,

2012) (*sua sponte* transfer of removed action); *Hurt v. Unit 32*, 2012 WL 5269910,

at *1 (N.D. Cal. Oct. 24, 2012) (transferring *sua sponte* pursuant to

§ 1404(a)).  The fact that a case has been removed to the federal district court has

no bearing on the change of venue provisions of § 1404, and removed actions may

be transferred pursuant to that statute as though they had been brought in the

federal court originally.  *Heft v. AAI Corp.*, 355 F. Supp. 2d 757, 772-73 (M.D. Pa.

2005).

### 1.  *28 U.S.C. § 1404(a) Factors*

The court should weigh relevant public and private factors to determine whether to transfer a case pursuant to § 1404(a), including: (1) plaintiff's choice of forum; (2) contacts between the chosen forum and plaintiff's cause of action and the feasibility of consolidation with other claims; (3) convenience of the parties and witnesses; (4) ease of access to the evidence; (5) differences in the costs of litigation in the two forums; (6) local interest in the controversy; (7) familiarity of each forum with the applicable law; and (8) relative court congestion and time to trial in each forum.  *See Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001)*; see also Jones*, 211 F.3d at 498-99 (adding other considerations specific to its facts, including the location where relevant agreements were negotiated and executed).

### 2.  *Analysis*

As to the first two factors, although there is a strong presumption in favor of a plaintiff's choice of forum, *see Creative Tech., Ltd. v. Aztech Sys.*, 61 F.3d 696, 703 (9th Cir. 1995), when a plaintiff does not reside in the forum, that preference is given considerably less weight.  *See* Schwarzer et al., Fed. Civ. P. Before Trial § 4:761 (2008) (citing *New Image, Inc. v. Travelers Indem. Co.*, 536 F. Supp. 58, 59 (E.D. Pa. 1981); *Bryant v. ITT Corp.*, 48 F. Supp. 2d 829, 832

(N.D. Ill. 1999)); *see also Sweet-Reddy v. Vons Cos.*, 2007 WL 841792, at *2

(N.D. Cal. Mar. 20, 2007) (finding that deference to plaintiff's choice of forum is

diminished when plaintiff does not reside in chosen forum and none of the events

alleged in the complaint occurred there).  Abordo is incarcerated in Arizona.

Moreover, the events giving rise to Abordo's claims indisputably occurred in

Arizona, not Hawaii.  That is, any denial of his right to access the court due to

SCC's allegedly inadequate law library is occurring in Arizona, not Hawaii.

Additionally, if Abordo's allegations are true, it is likely that other Arizona inmates

may or will bring similar claims regarding the SCC law library.  Such claims are

more amenable to consolidation in Arizona than in Hawaii.  Other than Abordo's

status as a Hawaii inmate incarcerated in Arizona and his conclusory allegations

that DPS officials conspired with SCC officials to deny him access to the court,

there are no significant contacts between Abordo's claims and Hawaii.  These two

factors strongly support transfer to Arizona.

The next three factors, regarding convenience of the parties and

witnesses, costs of litigation, and access to evidence, also weigh in favor of transfer

to Arizona.  Abordo is in Arizona, and Defendants Thomas, Bradley, and Griego

have no apparent contacts with Hawaii beyond SCC's subsidiary status of the

Corrections Corporation of America ("CCA").[3]  Litigating in Arizona is obviously

more convenient for them.  Although Abordo also claims that Hawaii DPS officials

Kimoto and Sakai conspired with Thomas, Bradley, and Griego to deny him an

adequate law library *in Arizona*, he provides no facts to support this conclusion and

appears to name Kimoto and Sakai simply to lay venue in the Hawaii state court.

Should Abordo's claims withstand screening under 28 U.S.C. § 1915(e) after

transfer, and this is doubtful,[4] Kimoto and Sakai can more easily and inexpensively

travel to and from Arizona.

        The other costs of litigating this case in Hawaii also favor transfer.  If

this case proceeds to trial, the State of Hawaii may be forced to bear the expense of

transporting Abordo to and from Hawaii, with the attendant costs for his

supervision during the transfer and while he remains in Hawaii.  The costs of

defending this suit in Hawaii will also be significant, including transportation,

lodging, and lost wages for Thomas, Griego, and Bradley.  Defendants paid the

federal filing fee when it removed this action and any other trial costs incurred by

Abordo will be the same in either district court.

---

[3]  CCA contracts with the State of Hawaii to house Hawaii inmates in its facilities,
including SCC.

[4]  The court leaves screening of the complaint pursuant to 28 U.S.C. § 1915(e) to the
transferee court.

Moreover, the evidence supporting Abordo's claims, such as SCC's law library records documenting its collection and recent acquisitions, Abordo's SCC institutional records, Thomas', Griego's, and Bradley's employment records, and possibly non-party witnesses, are located in Arizona. Thus, most of the information supporting Abordo's allegations and to defend against those allegations is in Arizona, not Hawaii. Therefore, the expense of conducting discovery is clearly lesser in Arizona. This court also lacks subpoena power over non-party SCC employees and inmates who live in Arizona and who may be unwilling to be called as witnesses. The other costs of litigation strongly favor transferring this action to the District of Arizona. These factors strongly favor transfer to Arizona.

The last three factors, local interest in the controversy, familiarity of each forum with the governing law, and court congestion, are either neutral or weigh in favor of transfer. Abordo's federal constitutional claims are familiar to either forum. His state constitutional claims are complementary to his federal claims and he will not lose those claims as a consequence of the transfer of this action. *See Shannon-Vail Five Inc. v. Bunch*, 270 F.3d 1207, 1210 (9th Cir. 2001); *see also Van Dusen*, 376 U.S. at 639 ("[A] change of venue under § 1404(a) generally should be, with respect to state law, but a change of courtrooms.").

There is no evidence that the District of Hawaii is more favorable than the District of Arizona for resolution of Abordo's claims.  To the contrary, if either court has a stronger interest in the controversy, it is the District of Arizona, which is the site of SCC and several other prisons owned and operated by CCA.  While the law applied may be the same in either district, the events giving rise to Abordo's claims took place in Arizona and Arizona's local interest in the controversy is therefore stronger.  There is also no reason to believe that court congestion is a factor for either court.

Deference to Abordo's choice of forum is limited by the fact that he is incarcerated in Arizona.  Litigating this suit in Arizona would be substantially more convenient for the witnesses and both parties.  Transfer of venue to the District of Arizona therefore serves the convenience of the parties and witnesses and promotes the interests of justice.

### III.  CONCLUSION

This action is TRANSFERRED to the United States District Court for the District of Arizona.  The Clerk of Court is DIRECTED to close the file in this District and send any pending motions or further documents received from

//

//

9

Abordo to the United States District Court for the District of Arizona.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, December 13, 2012.



/s/ J. Michael Seabright
_____
J. Michael Seabright
United States District Judge

*Abordo v. Kimoto et al,* Civ. No. 12-00651 JMS-BMK, Transfer Order; G:\docs\prose attys\Trsfr, Venue, Remand\2012\Abordo, 12-651 jms (sua sponte chg ven. removl act).wpd